**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| NEW HAMPSHIRE HIGHWAY HOTEL GROUP, LLC, | ) ) ) | Case No. 19-11303-BAH |
| Debtor. | ) ) ) ) | |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF RITCHIE BROTHERS PROPERTIES, INC. TO DEBTOR'S MOTION TO ASSUME AND ASSIGN EXECUTORY CONTRACT PURSUANT TO 11 U.S.C. § 365(a) & (f)**

NOW COMES Ritchie Bros. Properties, Inc. ("Ritchie"), by and through its undersigned counsel, and hereby submits this *Limited Objection and Reservation of Rights of Ritchie Brothers Properties, Inc. to the Motion to Assume and Assign Executory Contract Pursuant to 11 U.S.C. § 365(a) & (f)* (the "Motion") filed by New Hampshire Highway Hotel Group, LLC (the "Debtor"), and states as follows:

**BACKGROUND**

1. The Debtor commenced this bankruptcy case by filing a voluntary petition under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), on September 19, 2019 (the "Petition Date"). The Debtor is a single asset real estate debtor but has not filed a plan of reorganization despite more than 220 days passing from the Petition Date.

2. The executory contract at issue is the Purchase Agreement between the Debtor and Ritchie dated August 8, 2017, as amended, relating to property in Hooksett, New Hampshire owed by Ritchie (the "Property").

3.      Ritchie disputed the Debtor's right to assume the Purchase Agreement. The parties resolved the dispute by entering into a stipulation [Dkt. 80] (the "Stipulation") approved by the Court on April 8, 2020.

4.      The Stipulation establishes May 4, 2020 (the "Deadline") as the deadline for the Debtor to file a motion to assume the Purchase Agreement and assign it to a proposed assignee. The Settlement Stipulation requires that, by the Deadline, the Debtor must deposit $6,800,000.00 (the "Required Funds") into an account (the "Escrow Account") with Hinckley, Allen & Snyder, LLP (the "Escrow Agent") as adequate assurance of future performance.

5.      The Stipulation further provides that the closing on the Property shall be on the earlier of the date on which the order approving the sale is free of any stay, or five (5) days after the Court enters the order approving the stay (the "Closing Date").

6.      If the Debtor fails to meet the requirements in the Stipulation, the Debtor shall immediately turn the Property over to Ritchie. The Stipulation further provides that the Court shall enter an order dismissing the Debtor's bankruptcy case after any of the Debtor, Ritchie or the United States Trustee file an affidavit stating that the Debtor failed to comply with the terms of the Stipulation by the Deadline.

7.      In the Motion, the Debtor seeks to assume and assign the Purchase Agreement to an entity known as Hookset Landing, LLC (the "Assignee") pursuant to an Assignment Agreement dated April 11, 2020 between the Assignee and the Debtor (the "Assignment").

8.      The Assignment provides that the Assignee shall deposit the Required Funds by April 21, 2020,[1] and that transfer of title of the Property shall take place "on or before the earlier

---

[1] The Assignee failed to comply with the April 21, 2020 deposit deadline; the Escrow Agent has not received the Required Funds.

2

of seven days after this agreement is approved by the Bankruptcy Court or May 31, 2020."
Debtor's Exh. A ¶ 5.

## LIMITED OBJECTION

Ritchie objects to the Motion to the extent that the Motion conflicts with the Stipulation. In the Assignment, the Debtor seemingly attempts to extend the deadline to close on the purchase and sale of the Property to as late as May 31, 2020.  The parties already agreed to an earlier Closing Date in the Stipulation.

The Debtor did not seek the approval of Ritchie or permission from the Court to vary the timeline in the Stipulation.  The timing in the Stipulation represents the compromise reached between the parties to balance the Debtor's attempt to obtain value from the Purchase Agreement with the fact that Ritchie has been unable to obtain any value from the Property for years. Further, the Debtor has no financial resources whatsoever by which to compensate Ritchie for the Debtor's continued occupancy.

If the Debtor fails to deposit the Required Funds by the deadline, or if the Debtor's assignee cannot close on the Property by the Closing Date, Ritchie will recover possession of the Property as agreed in the Stipulation.  In the meantime, Ritchie continues to incur all of the carrying costs associated with the Property.

Ritchie reserves its right to supplement and/or amend this limited objection.

WHEREFORE, Ritchie respectfully requests that this Court condition the assumption and assignment of the Purchase Agreement on the Debtor's compliance with the Stipulation.

                                      RITCHIE BROS. PROPERTIES, INC.

                                      By its attorneys,

                                      /s/ *Jennifer V. Doran*
                                      Jennifer V. Doran (*pro hac vice*)
                                      Hinckley, Allen & Snyder LLP
                                      28 State Street
                                      Boston, MA 02109-1775
                                      (617) 345-9000 (Phone)
                                      (617) 345-9020 (Fax)
                                      jdoran@hinckleyallen.com

Dated: April 28, 2020

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NEW HAMPSHIRE HIGHWAY HOTEL GROUP, LLC, | ) | Case No. 19-11303-BAH |
| | ) | |
| Debtor. | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

I, Jennifer V. Doran, hereby certify that on this 28th day of April, 2020, I caused to be served a copy of the *Limited Objection and Reservation of Rights of Ritchie Brothers Properties, Inc. to Debtor's Motion to Assume and Assign Executory Contract Pursuant to 11 U.S.C. § 365(a) & (f)*, to the following parties:

<u>By First Class Mail</u>

Edmond J. Ford on behalf of Debtor NH Highway Hotel Group, LLC
39 Hackett Hill Road
Hooksett, NH  03106-2508
eford@fordlaw.com

<u>By Electronic Mail</u>

Kimberly Bacher on behalf of U.S. Trustee Office of the U.S. Trustee
kimberly.bacher@usdoj.gov

Jennifer V. Doran on behalf of Interested Party Ritchie Brothers Properties, Inc.
jdoran@hinckleyallen.com, calirm@hinckleyallen.com

Richard K. McPartlin on behalf of Debtor NH Highway Hotel Group, LLC
rmcpartlin@fordlaw.com

Office of the U.S. Trustee
USTPRegion01.MR.ECF@usdoj.gov

James Kelly, Kelly Law PLLC on behalf AJC Partners, LLCs
kellylawpllc@gmail.com

                                                 /s/ *Jennifer V. Doran*
                                                 Jennifer V. Doran