IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| NEW HAMPSHIRE HIGHWAY HOTEL GROUP, LLC, | ) ) ) | Case No. 19-11303-BAH |
| Debtor. | ) ) ) ) |  |

**OBJECTION OF RITCHIE BROS. PROPERTIES, INC. TO DEBTOR'S MOTION TO CONTINUE HEARING ON MOTION TO ASSUME AND ASSIGN EXECUTORY CONTRACT PURSUANT TO § 365(a) AND (f)**

NOW COMES Ritchie Bros. Properties, Inc. ("Ritchie"), by and through its undersigned counsel, and hereby submits this *Objection to Debtor's Motion to Continue Hearing on Motion to Assume and Assign Executory Contract Pursuant to § 365(a) and (f)* (the "Motion to Continue"), and files this objection to the Motion to Continue.  The Motion to Continue is in fact an attempt by the Debtor to change the terms of the Stipulation between Ritchie and the Debtor that this Court approved in April.  Ritchie relied on the settlement reached between the parties, and any change to the agreed, court-approved settlement would materially impact Ritchie's position.  Ritchie objects to any attempt by the Debtor to unilaterally alter material terms of the Stipulation by which the parties agreed to resolve their dispute.

## BACKGROUND

1. New Hampshire Highway Hotel Group, LLC (the "Debtor"), commenced this bankruptcy case by filing a voluntary petition under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), on September 19, 2019 (the "Petition Date").

The Debtor is a single asset real estate debtor but has not filed a plan of reorganization despite more than 225 days passing from the Petition Date.

2. The executory contract at issue is the Purchase Agreement between the Debtor and Ritchie dated August 8, 2017, as amended, relating to property in Hooksett, New Hampshire owed by Ritchie (the "Property").

3. Ritchie disputed the Debtor's right to assume the Purchase Agreement.

4. The Debtor previously sought to assume and assign the Purchase Agreement, but the assignee failed to appear at the hearing to approve such assumption on February 26, 2020.

5. Ritchie argued that the Purchase Agreement contained an explicit time-is-of-the-essence provision such that the Debtor could not assume the Purchase Agreement.  Court scheduled an evidentiary hearing on the legal issues relating to the ability of the Debtor to assume the Purchase Agreement for early May 2020.

6. After settlement discussions, the parties agreed to resolve their dispute by entering into a stipulation [Dkt. 80] (the "Stipulation") approved by Court order on April 8, 2020 [Dkt. 87] (the "Approval Order").

7. The Stipulation evidences the compromise reached between the parties.  Ritchie agreed that the Debtor would have until May 4, 2020 (the "Deadline") by which to file a motion to assume the Purchase Agreement and deposit $6,800,000.00 into an account with Hinckley, Allen & Snyder, LLP (the "Escrow Account") as adequate assurance of future performance.  If the Debtor failed to meet the terms of the Stipulation by the Deadline, Ritchie would recover the Property without any further delay.

8. The timing in the Stipulation represents a compromise between the excessive time the Debtor was taking without any progress to close on the Property and the uncompensated

delay inflicted on Ritchie. In other words, the terms represent the interest of the Debtor in attempting to obtain value from the Purchase Agreement, while establishing a reasonable deadline by which Ritchie would recover the Property.

9. The Court's Order approving the Stipulation provided that Ritchie, the Debtor or the United States Trustee was to file an affidavit informing this Court that the Debtor failed to satisfy the terms of the Settlement Agreement. On May 5, 2020, after Debtor failed to satisfy the Stipulation terms, Ritchie filed said affidavit.

10. The Order provides that seven (7) days after the filing of an affidavit by Ritchie, the Debtor or the U.S. Trustee, the case shall be dismissed pursuant to the terms of the Stipulation and LBR 9071-1. This term was a material element of the compromise to which Ritchie and the Debtor agreed.

## **ARGUMENT**

Ritchie requests that this Court deny the Motion to Continue and instead dismiss this case as the parties agreed in the Stipulation. The timing requirements in the Stipulation represent the compromise reached between the parties to balance the Debtor's attempt to obtain value from the Purchase Agreement with the fact that Ritchie has been unable to obtain any value from the Property for years. The Debtor failed to comply with these timing requirements. By the terms of the Stipulation Ritchie is entitled to dismissal of this case and is further entitled to recover possession of the Property.

The Debtor's stated reason for the latest delay is that money cannot be transmitted from London to the United States unless someone physically goes to London to get it. This justification is particularly difficult to accept given the Debtor's perpetual delays and excuses throughout the duration of the parties' contractual relationship, which have thus far extended the

3

closing date for over two (2) years from the original closing deadline. Further, although Debtor submitted a lengthy letter pleading for additional time based on so-called "equitable" considerations (which Ritchie Bros. disputes), it is notable that no affidavit from the proposed assignee or other support of any kind was offered regarding the purported inability to complete a wire transfer, or to establish why six (6) additional weeks would be required to do so.

In any event, the Debtor filed the motion to assume the Purchase Agreement to this latest buyer on April 11, 2020, over a month after the Governor's March 13, 2020 executive order first declaring a State of Emergency in response to COVID-19, and a week after the Governor's April 3, 2020 executive order extending the State of Emergency for an additional 21 days. In other words, despite the Debtor's suggestion that the pandemic was an unexpected occurrence that delayed the parties' performance, in reality it was already in full swing by the time of their agreement. There has already been ample time for the delivery of funds. The Debtor has run out of excuses.

Further, the Debtor has no funds available to compensate Ritchie for the use of the Property, and further delay will only increase the damages that Ritchie incurs without any hope of recovery. The Debtor cannot simply ignore the terms of its bargained-for exchange with Ritchie. In light of the foregoing, and in consideration of the months of harm caused to Ritchie through these delays, the Court should accordingly enter an order dismissing this case in accordance with the Stipulation.

## **CONCLUSION**

WHEREFORE, Ritchie respectfully requests that this Court enter an order dismissing this case as required by the Stipulation, and to cease the Debtor's efforts to circumvent the bargain to which it agreed.

                            RITCHIE BROS. PROPERTIES, INC.

                            By its attorneys,

                            /s/ *Jennifer V. Doran*
                            Jennifer V. Doran (*pro hac vice*)
                            Hinckley, Allen & Snyder LLP
                            28 State Street
                            Boston, MA 02109-1775
                            (617) 345-9000 (Phone)
                            (617) 345-9020 (Fax)
                            jdoran@hinckleyallen.com

Dated: May 5, 2020

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| NEW HAMPSHIRE HIGHWAY HOTEL GROUP, LLC, | ) ) | Case No. 19-11303-BAH |
| Debtor. | ) ) ) ) |  |

**CERTIFICATE OF SERVICE**

I, Jennifer V. Doran, hereby certify that on this 5th day of my, 2020, I caused to be served a copy of the *Objection of Ritchie Bros. Properties, Inc. to Debtor's Motion to Continue Hearing on Motion to Assume and Assign Executory Contract Pursuant to § 365(a) AND (f)*, to the following parties:

By First Class Mail

Edmond J. Ford on behalf of Debtor NH Highway Hotel Group, LLC
39 Hackatt Hill Road
Hooksett, NH  03106-2508
eford@fordlaw.com

By Electronic Mail

Kimberly Bacher on behalf of U.S. Trustee Office of the U.S. Trustee
kimberly.bacher@usdoj.gov

Jennifer V. Doran on behalf of Interested Party Ritchie Brothers Properties, Inc.
jdoran@hinckleyallen.com, calirm@hinckleyallen.com

Richard K. McPartlin on behalf of Debtor NH Highway Hotel Group, LLC
rmcpartlin@fordlaw.com

Office of the U.S. Trustee
USTPRegion01.MR.ECF@usdoj.gov

James Kelly, Kelly Law PLLC on behalf AJC Partners, LLCs
kellylawpllc@gmail.com

/s/ *Jennifer V. Doran*
Jennifer V. Doran

6